UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DIAMOND LEASE (U.S.A.), INC.,                     08 CIV. 92 (LAP)

                  **Plaintiff,**

       **-against-**                                    **AFFIDAVIT OF
                                                 LORETTE ANTOLA**

RICK HARTMAN,


                 **Defendant.**

------------------------------------------------------------------X

BEFORE ME, the undersigned notary public, on this day Lorette Antola, who upon her oath did depose and testify as follows:

1. I am a Vice President of Plaintiff, Diamond Lease (U.S.A.), Inc. ("Diamond" or Plaintiff). Diamond is a Delaware corporation, maintaining its principal place of business at 350 5th Avenue, New York, New York, 10118. I am over the age of 18 years, am competent to make this affidavit, and do so from my own personal knowledge. I am personally familair with the files and accounts and have personally reviewed Diamond's records with respect to the Defendant Rick Hartman.

2. Venue in the County of New York, State of New York, is based upon contractual agreement thereto between the Defendant and the Plaintiff as set forth in written Lease Agreement and unconditional Guaranty executed by the Defendant in favor of the Plaintiff, such loan documents being referred to and more particularly described hereinafter.

3. On or about September 30, 2003, RLH Enterprises, Inc. d/b/a Plainfield Ready

Mix and R. L. Hartman Concrete, Inc. (hereinafter "RLH") executed a Security Agreement (" September 30 Security Agreement") to Diamond. Under the terms the September 30 Security Agreement, RLH agreed to pay forty eight consecutive installments of $7,528.00, which were due on the 14th day of each month, commencing November, 2003, and each month thereafter until paid in full. A copy of the September 30 Security Agreement is attached hereto as **Exhibit A**.

4.    Pursuant to the September 30 Security Agreement, RLH granted to Diamond a security interest in specific machinery and equipment as follows:

**Description of Machinery/Equipment, Model** **Serial No.**

New Oshkosh OTC/S-Seri model S-Series Mixer Trucks

SN-1OTJAWE22S077150

SN-1OTJAWE22S077151

(The specific machinery and equipment described in the September 30 Security Agreement is hereby identified as the "September 30 Specific Collateral").

5.    Diamond perfected its security interest in the September 30 Specific Collateral by filing Certificates of Title. A copy of the Certificates of Title are attached hereto as **Exhibit B**.

6.    On or about September 30, 2003, RLH executed a Delivery/Installation Certificate, Waiver and Agreement, a true copy of which is annexed hereto, made part hereof and marked as **Exhibit C**, whereby RLH acknowledged complete and satisfactory delivery of the September 30 Specific Collateral.

7.    Pursuant to the terms of the September 30 Security Agreement, RLH agreed that in the event that it failed to make payments when due, it shall pay, on the unpaid

payment, late charges and default interest of 1 and ½% per month, collections expenses, and reasonable attorneys fees.

8. On or about September 30, 2003, Defendant Rick Hartman executed his personal, unconditional and continuing Guarantee of all of the obligations and indebtedness of RLH, its successor and assigns, whether such obligations or indebtedness was then existing or would arise or be incurred thereafter. A true copy of said Guarantee is annexed hereto, made part hereof and marked as **Exhibit D.**

9. RLH and Rick Hartman defaulted under the September 30 Security Agreement and Guarantee respectively, by failing to pay the installment due on June 14, 2006 and all subsequent installments thereafter, which default continues to the present.

10. Pursuant to the September 30 Security Agreement and Guarantee Diamond has elected to declare the entire balance to be due and payable together with all amounts due, including but not limited to interest/late charges, attorneys' fees and collections expenses.

11. Despite due demand, RLH and Rick Hartman have failed to pay the amounts due to Diamond pursuant to the September 30 Security Agreement and Guarantee respectively.

12. As of June 10, 2008, there is due and owing to Diamond on the September 30 Security Agreement and Guarantee by Rick Hartman, the sum of $110,636.85, consisting of the unpaid balance of $127,976.00, plus late charges owing from April 14, 2005 though December 17, 2007 of $15,435.00, less the gross sales proceeds of $50,000.00, the September 30 Specific Collateral sold at private sale on notice to RLH and Rick Hartman on December 17, 2007, plus repossession expenses of $7,765.00, plus all

continuing default interest from December 18, 2007 through June 10, 2008 of $8,903.49 on the $101,176.00 net amount due, plus process server/costs of collection of $207.36, and $350.00 Court complaint filing fee.

13. All notices to which Rick Hartman may be entitled, including notice for acceleration and protest, are expressly waived by the terms of the loan documents and Guaranty.

14. As shown by the return of service on file with the Court, Brett Miller, Esq. as Agent for Rick Hartman was served on January 29, 2008.

15. The balance due and owing as of June 10, 2008 by Defendant, Rick Hartman is as follows:

On the First Claim in the Complaint the principal sum of the sum of $110,636.85, consisting of the unpaid balance of $127,976.00, plus late charges owing from April 14, 2005 though December 17, 2007 of $15,435.00, less the gross sales proceeds of $50,000.00, the September 30 Specific Collateral sold at private sale on notice to RLH and Rick Hartman on December 17, 2007, plus repossession expenses of $7,765.00, plus all continuing default interest from December 18, 2007 through June 10, 2008 of $8,903.49 on the $101,176.00 net amount due, plus process server/costs of collection of $207.36, and $350.00 Court complaint filing fee, due under the Lease and Guarantee.

Lorette Antola

Sworn and subscribed to
before me this 13 th day
of June, 2008

ROSTISLAV GERBILSKIY
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN KINGS COUNTY
NO. 01GE6173401
MY COMMISSION EXPIRES 08-27-2011

# EXHIBIT A

# SECURITY AGREEMENT

**Debtor:**   **RLH ENTERPRISES, INC DBA PLAINFIELD READY MIX AND R. L. HARTMAN CONCRETE, INC.**
743 N. Carr Road                                    743 N. Carr Road
Plainfield, IN. 46168                               Plainfield, IN. 46168

**Secured Party:**   **DIAMOND LEASE (U.S.A.), INC.**          **LOAN # RLHE-03-002**
350 Fifth Ave.
Empire State Building Suite 616
New York, N.Y. 10118

**DEBTOR AND SECURED PARTY** do hereby agree to enter into this Security Agreement (the "Agreement") this 30 day of September , 20 03 , under the following terms and conditions of said Agreement:

**1.    Grant of Security Interest; Description of Collateral**

**DEBTOR HEREBY GRANTS** to the Secured Party a security interest in the property described below, along with all present and future attachments and accessories thereto and replacements currently attached or may become attached in the future along with the proceeds thereof, including any amounts which may become payable under any insurance policy, all hereinafter referred to collectively as "Collateral": (Fully Describe Collateral, including manufacturer, model number, and serial number(s))

2. New Oshkosh OTC/S-Seri model S-Series Mixer Trucks              SN-1OTJAWE223S077150, 1OTJAWE243S077151

**2.    What Obligations the Collateral Secures**

Each item of the Collateral shall secure not only the specific amount which Debtor promises to pay listed herein in Paragraph 3 of this Agreement, but also all other present and future indebtedness or obligations of Debtor to Secured Party of every kind and in any form which may be mutually agreed upon.

**3.    Promise to Pay; Terms and Place of Payment**

**DEBTOR WITHOUT NOTICE OR RIGHT OF OFFSET** does hereby agree and promise to pay Secured Party the total sum of $361,344.00 , which represents principal and interest precomputed over the term hereof, payable in 48 **combined principal and interest payments as follows:**

48 Equal Successive Monthly Payments: $7,528.00          Agreed to:  RLH  (Initials)

beginning November 14,, 2003, and the same amount on the same date of each month thereafter until the amount of $361,344.00 plus any accrued and unpaid late charges or other penalties or fees have been paid in full.

Other Than Equal Successive Monthly Payments:        Agreed to: _____ (Initials)

**DUE AND PAYABLE UPON SIGNING OF THIS AGREEMENT FOLLOWED BY _____ EQUAL AND CONSECUTIVE MONTHLY PAYMENTS OF BEGINNING ON _____ , 20 ___ AND THE SAME DATE OF EACH MONTH THEREAFTER UNTIL THE AMOUNT OF PLUS ANY ACCRUED AND UNPAID LATE CHARGES OR OTHER PENALTIES OR FEES HAVE BEEN PAID IN FULL.**

Payments shall be made at the address of the Secured Party as shown herein or other such place as Secured Party may designate from time to time.

**4.    Use and Location of Collateral**

**DEBTOR** warrants and confirms that the Collateral listed in this Agreement and made a part thereof, will be used primarily for business or commercial purposes, and is currently located at 743 N. Carr Road Plainfield, IN., 46168.

**DEBTOR AND SECURED PARTY** agree that regardless of the manner of attachment or affixation to real estate in any manner, the Collateral now and forever shall remain personal property. Debtor agrees to maintain the Collateral in a reasonably commercial or business manner at the location set forth above and will notify Secured Party promptly in writing of any change in the location of the Collateral within such State as listed above, and will not remove or cause the Collateral to be removed from such State without the prior written consent of the Secured Party, such consent shall not be reasonably withheld.

**5.    Late Charges and Other Fees**

Any payment not received when due and after a 10 day grace period, at the option of the Secured Party may be subject to late charges thereon calculated at the rate of 1½% per month, but in no event greater than the highest rate permitted by relevant law. Debtor shall be responsible for and pay to Secured Party a returned check fee, not to exceed the maximum permitted by law, which fee will be equal to the sum of (i) the actual bank charges incurred by Secured Party plus (ii) all other actual costs and expenses incurred by Secured Party. The returned check fee is payable upon demand as indebtedness secured by the Collateral under this Security Agreement.

**6.    Debtor's Warranties and Representations**

Debtor:  RLH                                    Secured Party:  ml

Debtor warrants and represents:

   a.   That Debtor is justly indebted to Secured Party for the full amount of the indebtedness described in Paragraph 3 of this Agreement;

   b.   That, except for the security interest granted hereby, the Collateral is free from and will be kept free from all liens, claims, security interests and encumbrances;

   c.   That no financing statements covering the Collateral or any proceeds thereof is on file in favor of any other Secured Party, but if such financing statement or security interest is on file, it will be immediately terminated or subordinated, and Debtor agrees and acknowledges that Time is of the Essence in the completion and execution of any and all documents necessary to facilitate such termination or subordination;

   d.   That all information supplied and statements made by Debtor either in written or verbal form in any financial, credit or accounting statement or application for credit prior to, contemporaneously with subsequent to the execution of this Security Agreement with respect to this transaction are and shall with the passing of time remain true, correct, valid and genuine; and

   e.   That Debtor either as an individual or as an Officer, Partner or Member of a legally organized Corporation, Partnership, or Limited Liability Company has the authority and has taken all such actions as may be necessary to authorize such organization to enter into this Security Agreement, and that such Agreement is legally binding and enforceable on said organization.

**7.   Debtor Further Agrees and Warrants**

Debtor agrees:

   a.   to defend at Debtor's own cost any actions, proceedings, or claims which may effect the Collateral now or in the future;

   b.   to pay reasonable attorneys fees and other reasonable, confirmatory and necessary expenses incurred by Secured Party in enforcing its rights against Debtor under this Agreement;

   c.   to pay promptly all taxes, assessments, license fees and other public or private charges when levied or assesses against the Collateral or this Security Agreement; and such obligation shall survive the termination of this Security Agreement;

   d.   that, if a certificate of title is required or permitted by law, Debtor shall obtain such certificate with respect to the Collateral showing the security interest of the Secured Party thereon and in any event do everything necessary or expedient to preserve or perfect the security interest of the Secured Party;

   e.   that Debtor will not misuse, fail to keep in good repair, secrete, or without prior written consent of the Secured Party, sell, or attempt to sell, rent, lend, encumber or transfer all or any part of the Collateral notwithstanding Secured Party's right to proceeds;

   f.   that Secured Party or its agent may enter Debtor's premises or wherever the Collateral may be located at any reasonable time to inspect the Collateral and Debtor's manuals and any other information solely pertaining to the Collateral, and Debtor shall assist Secured Party in making such inspection; and

   g.   that the security interest granted by Debtor to Secured Party shall continue in effective irrespective of the payment of the amount shown in Paragraph 3 of this Agreement, or in any promissory note(s) executed in connection herewith, so long as there are any obligations of any kind, including obligations under guaranties or assignments, owned by Debtor to secured Party, provided, however, upon any assignment of this Security Agreement the Assignee shall thereafter be deemed for the purpose of this Paragraph the Secured Party under this Secured Agreement.

**8.   Insurance and Risk of Loss**

Debtor assumes all risk of loss, damage or destruction of the Collateral. Debtor will procure forthwith and maintain at all times at Debtor's expense insurance against all risk of loss or physical damage to the Collateral for the full insurable value thereof for the life of this Security Agreement .and in amounts and against such risks as Secured party may specify, and shall promptly deliver each policy or proof of each policy to Secured Party with a standard long form mortgagee endorsement attached thereto showing Secured Party as Loss Payee and Additional Insured of such policy; and providing Secured party with not less than 30 days written notice of cancellation; each such policy shall be in form and terms and amount and with insurance carriers satisfactory to Secured Party; Secured Party's acceptance of policies in lesser amounts or risks shall not be waiver of Debtor's obligations under this Agreement. As to Secured Party's interest in such policy, no act or omission of Debtor or any of its officers, agents, employees or representatives shall affect the obligations of the insurer to pay the full amount of any loss.

Debtor hereby assigns to Secured party any monies which may become payable under any such policy of insurance and irrevocably constitutes and appoints Secured Party as Debtor's attorney in fact (a) to hold each original insurance policy, (b) to make, settle and adjust claims under each policy of insurance, (c) to make claims for any monies which may become payable under such and other insurance on Collateral including returned or unearned premiums and (d) to endorse Debtor's name on any check, draft or other instruments received in payment of claims or returned or unearned premiums under each policy and to apply the funds to the payment of the indebtedness owing to Secured Party; provided however, Secured Party is under no obligation to do any of the foregoing.

Should Debtor fail to furnish such insurance policy to Secured Party in a timely manner, or to maintain such policy in full force, or to pay any premium in whole or in part relating thereto, the Secured Party, without waiving or releasing any default or obligation by Debtor, may (but shall not be obligated to) obtain and maintain insurance and pay the premium therefore on behalf of Debtor and charge the amount of such premium to Debtor's indebtedness under this Security Agreement. The full amount of any such premium paid by Secured Party shall be payable by Debtor upon demand, and failure to pay the same shall constitute an event of default under this Agreement.

**9.   Events of Default; Acceleration of Loan**

The following are events of default under this Agreement, and thereby allow the Secured Party to take such action under this Paragraph and Paragraph 10 of this Agreement as it deems necessary:

   (a)   any of Debtor's obligations to Secured Party under this or any other agreement with Secured Party is not paid promptly when due subject to any applicable grace period;

   (b)   Debtor breaches any warranty or provision hereof, or of any note or of any other instrument or agreement delivered by Debtor to Secured Party in connection with this or any other transaction;

   (c)   Debtor dies, becomes insolvent or ceases to do business as a going concern;

   (d)   It is determined that Debtor has provided Secured Party with material misleading information regarding its financial condition;

   (e)   Any of the Collateral is lost or destroyed and insurance coverage is inadequate;

   (f)   There is pending for more than 60 days a petition or complaint in bankruptcy or an arrangement or reorganization or for relief under any insolvency is filed by or against Debtor or Debtor admits its inability to pay its debts as they mature under this Agreement or any other legal claim for payment;

   (g)   Property of Debtor is attached or a receiver is appointed for Debtor;

   (h)   Equipment will be insured through out the loan;

Debtor: _RLH_                                        Secured Party: _MV_

(i)  Any guarantor, surety or endorser for Debtor dies or defaults in any obligation or liability to Secured Party or any guaranty obtained in connection with this transaction is terminated or breached.

If Debtor shall be in default hereunder, the indebtedness herein described and all other indebtedness then owing by Debtor to Secured Party under this or any other present or future agreement (collectively, the Indebtedness") shall, if at the sole discretion of the Secured Party, become immediately due and payable and the unpaid principal balance of the indebtedness described in Paragraph 3 of this Agreement, or in any promissory note executed in connection herewith, shall bear interest at the rate of 18% per annum (but in no event greater than the highest rate permitted by relevant law) until paid in full.  In no event shall the Debtor, upon demand by Secured Party for payment of the Indebtedness, by acceleration of the maturity thereof or otherwise, be obligated to pay any interest in excess of the amount permitted by law.  Any acceleration of Indebtedness, if elected by Secured Party, shall be subject to all applicable laws, including laws pertaining to rebates and refunds of unearned interest or other charges.

**10.  Secured Party's Remedies after Default; Consent to Enter Premises**

Upon Debtor's and any time thereafter, Secured Party shall have all the rights and remedies of a secured party under the Uniform Commercial Code and any other applicable laws, including the right to any deficiency remaining after disposition of the Collateral for which Debtor hereby agrees to remain fully liable.  Debtor agrees that Secured Party, by itself or its agent, may without notice to any person and without judicial process of any kind, enter into any premises or upon any land owned, leased or otherwise under the real or apparent control of Debtor or any agent of Debtor where the Collateral may be or where Secured Party believes the Collateral may be, and disassemble, render unusable and / or repossess all or any item of the Collateral, disconnecting and separating all Collateral from any other property.  Debtor expressly waives all further rights of possession of the Collateral after default and all claims for injuries suffered through or loss caused by such entering and/or repossession.  Secured Party may require Debtor to assemble the Collateral and return it to Secured Party at a place to be designated by Secured Party.

Secured Party may sell or lease the Collateral at a time and location of its choosing provided that the Secured Party acts in good faith and in a commercially reasonable manner.  Secured Party will give Debtor reasonable notice of the time and place of any public sale of the Collateral or of the time after which any private sale or any other intended disposition of the Collateral is to be made.  Unless otherwise provided by law, the requirement of reasonable notice shall be met if such notice is mailed, postage prepaid, to the address of Debtor shown herein at least ten days prior to the time of the sale or disposition.  Expenses of retaking, holding, preparing for sale, selling and the like shall include reasonable attorney's fees and other legal expenses.  Debtor understands that Secured Party's rights are cumulative and not alternative.

**11.  Waiver of Defaults; Agreement Inclusive**

Secured Party may at its sole discretion waive a default, or cure, at Debtor's expense, a default.  Any such waiver in a particular instance or in a particular default shall not be deemed a waiver of other defaults or of the same kind of default at another time, nor shall any such waiver prevent Secured Party from exercising their rights and remedies of such default at a later time.  No modification or change in this Security Agreement or any related note, instrument or agreement shall be binding on Secured Party unless in writing signed by Secured Party.  No oral agreement or modification of this Agreement shall be binding.

**12.  Financing Statements; Certain Expenses**

If permitted by law, Debtor hereby authorizes Secured Party to file a financing statement with respect to the Collateral signed only by Secured Party, and if Debtor's signature is required does hereby appoint Secured Party as its Attorney in Fact for the purpose of such signature and filing.  Secured Party may file a copy, photograph or other reproduction of this Security Agreement or other financing statement.  At the request of Secured Party, Debtor will promptly execute any financing statements, agreements or other documents, in a form satisfactory to Secured Party which Secured Party may reasonably deem necessary or advisable to establish and/or maintain a perfected security interest in the Collateral, and will pay the cost of filling or recording the same in all public offices deemed necessary or advisable by Secured Party.  Debtor also agrees to pay all costs and expenses incurred by Secured Party in conducting Uniform Commercial Code, tax or other lien searches against Debtor or the Collateral or any other fees as may be agreed upon in connection with this transaction or filing of any security interest in Collateral up to $100.00.

**13.  Waiver of Defense Acknowledgement**

Secured Party without notice to Debtor may assign this Security Agreement in whole or in part to a third party ("Assignee").  Upon notice of assignment, Debtor hereby agrees:
(a)  To make all payments directly to such Assignee at such location as Assignee may from time to time designate in writing;
(b)  To settle all claims, defenses, setoffs, and counterclaims it may have against Secured Party directly with Secured Party and will not set up any such claims, defense, setoff or counterclaim against Assignee, Secured Party hereby agrees to remain responsible therefore;
(c)  Secured Party is not, and shall not be Assignee's agent for any purpose and shall have no authority to change or modify this Security Agreement or any related documents or instruments; and
(d)  Assignee shall have all of the rights and remedies of Secured Party hereunder but none of the Secured Party's obligations.

**14.  Miscellaneous**

Debtor waives all exemptions.  Secured Party after notice may correct patent errors herein and fill in such blanks as serial numbers, date of first payment and the like.  Any provisions hereof contrary to, prohibited by or invalid under applicable laws or regulations shall be inapplicable and deemed omitted herein, but shall not invalidate the remaining provisions hereof.

Except as otherwise provided herein or by applicable law, the Debtor shall have the right to prepay the indebtedness described in Paragraph 3 of this Agreement, or in any promissory note executed in connection with this Security Agreement.  Debtor and Secured Party each hereby waive any right to a trial by jury in any action or proceeding with respect to, in connection with, or arising out of this Security Agreement, or any note or document delivered pursuant to this Security Agreement.  Debtor acknowledges receipt of a true copy and waives acceptance hereof.  If Debtor is a corporation, this Security Agreement is executed pursuant to the authority of its Board of Directors.  Except where the context otherwise requires, "Debtor" and "Secured Party" include the heirs, executors or administrators, successors or assigns of those parties but nothing herein shall authorize Debtor to assign this Security Agreement or its rights in and to the Collateral.  If more than one Debtor executes this Agreement, their obligations under this Agreement shall be joint and several.

Debtor: _RLA_                                                           Secured Party: _mt_

If at any time this transaction would be deemed to be usurious under applicable law, then regardless of any provisions contained in this Agreement or any other agreement made in connection with this transaction, it is agreed that:

   (a)   the total of all consideration which constitutes interest under applicable law that is contracted for, charged or received under this Security Agreement or any other such agreement shall under no circumstances exceed the maximum rate of interest authorized by applicable law and any excess shall be credited to the Debtor; and

   (b)   if Secured Party elects to accelerate the maturity of, or if Secured Party permits Debtor to prepay the Indebtedness, any amounts which because of such action would constitute interest may never include more than the maximum rate of interest authorized by applicable law and any excess shall be credited to the Debtor automatically as of the date of acceleration or prepayment.

15.   **Special Provisions Payment # 48 will be made upon signing. This payment of $7,528.00 will be held in a reserve account and, provided that all terms and conditions of the contract have been met, either returned at some point during the loan period or applied in full as payment # 48.**

**Debtor:**       **RLH ENTERPRISES, INC DBA PLAINFIELD READY MIX AND R. L. HARTMAN CONCRETE, INC.**

                **743 N. Carr Road**                       **743 N. Carr Road**

                **Plainfield, IN. 46168**             **Plainfield, IN. 46168**

By: _____, President      By: _____, President
     **Rick Hartman, President**           **Rick Hartman, President**

Date:   9-30-03               Date:   9-30-03

**Secured Party:**   **DIAMOND LEASE (U.S.A.), INC.**

                **350 Fifth Ave.**

                **Empire State Building Suite 616**

                **New York, N.Y. 10118**

By: _____        Date: 9/30/03

       **MERYL L. FEINER**

       **VICE PRESIDENT**

       **OPERATIONS MANAGER**

Debtor: RLH                    Secured Party: _____

# EXHIBIT B

# INDIANA CERTIFICATE OF TITLE

State Form 9637 (R8/2-02)
Form Approved by State Board of Accounts, 1995

| VEHICLE IDENTIFICATION | YEAR | MAKE | MODEL | BODY STYLE |
|---|---|---|---|---|
| 1OTJAWE223S077150 | 2003 | OSH | WE22 | TK |

| PURCHASE DATE | ISSUE DATE | ODOMETER | LEGEND(S) |
|---|---|---|---|
| 01/29/04 | 02/16/04 | 000001 | *ODOMETER - ACTUAL |

**OWNER(S) NAME AND ADDRESS**

RLH ETRPRSE INC DBA PLFD READY MIX
743 N CARR RD
PLAINFIELD      IN   46168

MAILING ADDRESS

DIAMOND LEASE
350 5TH AVE STE 616
NEW YORK      NY   10118-0616

1st LIEN

DIAMOND LEASE
350 5TH AVE STE616
2nd LIEN EMPIRE ST BLD  NY  10118

See back for Seller and Purchaser Requirements

## LIEN RELEASES

First Release by:

| Title | Date (mo., day, yr.) |
|---|---|

Second Release by:

| Title | Date (mo., day, yr.) |
|---|---|

## SELLER MUST COMPLETE

We swear or affirm that the information entered on this form is correct. We understand that a false statement may constitute the crime of perjury.

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.
Odometer Reading (no. tenths)

☐ 1. The odometer reading stated is in excess of its mechanical limits.
☐ 2. The odometer reading is NOT actual mileage.
WARNING: ODOMETER DISCREPANCY.

Signature of seller                Position

Signature of seller                Position

Printed name of seller

Printed name of seller

| Date of sale | Selling price | Trade in price (if any) | Total price paid |
|---|---|---|---|
| | $ | $ | $ |

The Commissioner of the Bureau of Motor Vehicles, pursuant to the laws of the State of Indiana, certifies that the vehicle has been duly titled and the owner of the described vehicle is subject to the liens herein set forth.
INVENTORY CONTROL NO.

## PURCHASER'S INFORMATION

Name of purchaser                Dealer number

Address

City                State    ZIP code

Lienholder

Address

City                State    ZIP code

I am aware of the odometer statements made by seller(s).
Signature of purchaser

Printed name of purchaser    TITLE NUMBER

| INVENTORY CONTROL NO. | COMMISSIONER | TITLE NUMBER |
|---|---|---|
| B8714253 | GERALD B. COLEMAN | 04115019012 |

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS**

# INDIANA CERTIFICATE OF TITLE

State Form 9687 (R8/2-02)
Form Approved by State Board of Accounts,1995

**VEHICLE IDENTIFICATION**

| VEHICLE IDENTIFICATION | YEAR | MAKE | MODEL | BODY STYLE |
|---|---|---|---|---|
| 1OTJAWE243S077151 | 2003 | OSH | WE24 | TK |

LEGEND(S)

| PURCHASE DATE | ISSUE DATE | ODOMETER | |
|---|---|---|---|
| 01/29/04 | 02/16/04 | 000001 | *ODOMETER – ACTUAL |

**OWNER(S) NAME AND ADDRESS**

RLH ETRPRSE INC DBA PLFD READY MIX
743 N CARR RD
PLAINFIELD        IN   46168

**MAILING ADDRESS**

DIAMOND LEASE USA
350 5TH AVE STE 616
NEW YORK        NY   10118-0616

**1st LIEN**

DIAMOND LEASE USA
350 5TH AVE STE616
EMPIRE ST BLD  NY   10118

**2nd LIEN**

See back for Sellers and Purchasers Requirements.

## LIEN RELEASES

First Release by:

Title _____  Date (mo., day, yr.) _____

Second Release by:

Title _____  Date (mo., day, yr.) _____

## SELLER MUST COMPLETE

We swear or affirm that the information entered on this form is correct. We understand that a false statement may constitute the crime of perjury.

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.

Odometer Reading (no tenths)

☐ 1. The odometer reading stated is in excess of its mechanical limits.

☐ 2. The odometer reading is NOT actual mileage.
WARNING – ODOMETER DISCREPANCY.

Signature of seller _____  Position _____

Signature of seller _____  Position _____

Printed name of seller _____

Printed name of seller _____

| Date of sale | Selling price | Trade in price (if any) | Total price paid |
|---|---|---|---|
| | $ | $ | $ |

The Commissioner of the Bureau of Motor Vehicles, pursuant to the laws of the State of Indiana, certifies that the vehicle has been duly titled and the owner of the described vehicle is subject to the liens set forth.

INVENTORY CONTROL NO.

## PURCHASER'S INFORMATION

Name of purchaser _____  Dealer number _____

Address _____

City _____  State _____  ZIP code _____

Lienholder _____

Address _____

City _____  State _____  ZIP code _____

I am aware of the odometer statements made by seller(s).

Signature of purchaser _____

Printed name of purchaser _____

COMMISSIONER        TITLE NUMBER

/ B8714252        GERALD B. COLEMAN        04115019010

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS**

# EXHIBIT C

## Delivery and Installation Certificate

To:    Diamond Lease (U.S.A.), Inc.
       350 Fifth Ave.
       Empire State Building Suite 616
       New York, N.Y. 10118

Re: Security Agreement # RLHE-03-002

Undersigned hereby certifies that all goods, chattels and equipment described in the security agreement between Diamond Lease (U.S.A.), Inc., as Secured Party and RLH Enterprises, Inc dba Plainfield Ready Mix and R. L. Hartman Concrete, Inc., as Debtor dated 9/30/03 (the "Security Agreement") have been furnished to undersigned at the location designated in the Security Agreement, that delivery and installation of said goods, chattels and equipment have been fully completed as required, and that said goods, chattels and equipment have been inspected and accepted by RLH Enterprises, Inc dba Plainfield Ready Mix and R. L. Hartman Concrete, Inc..

As of this date September 30 , 2003 RLH Enterprises, Inc dba Plainfield Ready Mix and R. L. Hartman Concrete, Inc. has inspected the Collateral and hereby irrevocably authorizes Diamond Lease (U.S.A.), Inc. to pay any vendors or suppliers associated with the purchase of the Collateral by RLH Enterprises, Inc dba Plainfield Ready Mix and R. L. Hartman Concrete, Inc...

Undersigned understands that the Secured Party is not the manufacturer, distributor or seller of the equipment and has no knowledge or familiarity with it, and any claims defense, setoffs and counterclaims arising out of the purchase of the Collateral will be settled directly with the manufacturer, distributor or supplier of the Collateral, and that any claim of payment under the Security Agreement is absolute and non defendable.

RLH ENTERPRISES, INC DBA PLAINFIELD READY MIX AND R. L. HARTMAN CONCRETE, INC.
743 N. Carr Road                          743 N. Carr Road
Plainfield, IN. 46168                     Plainfield, IN. 46168

By: _____ ,President         By: _____ ,President
Rick Hartman,President                    Rick Hartman, President

Debtor: RLH                               Secured Party: _____

# EXHIBIT D

# PERSONAL GUARANTY

OBLIGEE:   **DIAMOND LEASE (U.S.A.), INC.**
350 Fifth Ave., New York, N.Y. 10118

OBLIGOR:   RLH Enterprises, Inc dba Plainfield Ready Mix and R. L. Hartman Concrete, Inc
743 N. Carr Road Plainfield, IN. 46168

LOAN #RLHC-03-002     DATE OF LOAN: _9/30/03_____

This Guaranty Agreement made and entered into this __30__ day of September_____ , 20 _03_

by Rick Hartman (hereinafter referred individually and collectively as "Guarantor"), in favor of DIAMOND LEASE (U.S.A.), INC. (hereinafter referred to as "OBLIGEE").

WHEREAS, it is contemplated that OBLIGEE may enter into Equipment Lease Agreements(s), Security Agreement(s) and / or other related agreements (hereinafter collectively "Agreements") with RLH Enterprises, Inc dba Plainfield Ready Mix and R. L. Hartman Concrete, Inc. (hereinafter collectively "Obligor"); and,

WHEREAS, Guarantor has an interest, financial or otherwise, in Obligor, and it is to the benefit of Guarantor that Obligee enter into the Agreement(s) with Obligor, and Guarantor has read the proposed Agreement(s) in full and finds the terms of said Agreement(s) acceptable, and in recognition that Obligee would be unwilling to enter into the Agreement(s) without the Guaranty hereinafter set forth, and in recognition of Obligee's reliance upon the Guaranty in entering into the Agreement(s);

NOW, THEREFORE, in order to induce Obligee to enter into the Agreement(s), each Guarantor, jointly and severally, unconditionally guaranties the faithful and full performance by Obligor of all terms and conditions of the agreement(s). In the event of default by Obligor, or failure to faithfully perform any of the terms or conditions required of Obligor under the agreement(s), or in the event of failure of Obligor to make any or all payments of money required of it under the agreement(s), Guarantor unconditionally promises to perform the unfulfilled obligations of Obligor and to pay Obligee, in lawful money of the United States, all sums at any time due and unpaid under the agreement(s), plus costs of collection, including reasonable attorney fees with or without trial, and upon appeal and review.

The obligations of Guarantor hereunder are joint and several and are independent of the obligations of obligor under the Agreement(s), and a separate action or actions may be brought against Guarantor, whether action is brought against obligor or whether Obligor be joined in any action or actions, the liability of Guarantor hereunder being primary. Guarantor hereby waives the right to interpose any substantive or procedural defense of the law of guaranty, indemnification or suretyship affecting its liability hereunder or the enforcement hereof. This Guaranty Agreement is, and shall be construed to be, an absolute, unlimited and continuing guaranty of payment and performance, and not of collection.

Guarantor authorizes Obligee, without notice or demand, and without affecting Guarantor's liability hereunder, from time to time to renew, extend, accelerate, or otherwise change the payment terms or other terms of the Agreement(s) or any part thereof. Obligee may, without notice, assign this Guaranty in whole or in part.
The Obligee agrees to review the requirement of this personal guaranty after twelve months, if all payments have been made on a "Prompt" (defined as within ten days of stated due date) within this period of time. If after review, it has been found that all payments have been made under this definition, the ObligeeObligee will reduce the maximum exposure of this personal guaranty to $50,000.00, and after eighteen months, the Obligee will again review the requirement of this personal guaranty, and if it is found that all payments have been made "Prompt" as defined herein, the Obligee will release and remove the Guarantor from any further obligation and liability under the guaranty or leaseloan agreement.  Failure to make such payments in accordance to the terms provided will terminate these special provisions of the Guaranty, and return such Guaranty to its original terms and conditions.

Guarantor hereby waives any right to require Obligee to: (a) proceed against Obligor; (b) proceed against or exhaust any security held by Lessor; or (c) pursue any other remedy in Obligee's power. Guarantor waives any defense

Guarantor Initials: RLH     Lessor Initials: MH

arising by reason of any defense of Obligor, or by reason of the cessation, from any cause whatsoever, of the liability of Lessee under the AgreemnetAgreement(s). Guarantor waives any and all demands for performance, notices of nonperformance or default, and notices of cancellation or forfeiture. Obligee may apply all proceeds received from Obligor or others to such part of Obligor's indebtedness as Obligee or may deem appropriate without consulting Guarantor and without prejudice to or in any way limiting or lessening the ability of Guarantor under this Guaranty.

If Obligor is a corporation, the undersigned warrant and represent that they are stockholders, directors or officers and / or are financially or otherwise interested in Obligor, , and the corporation has been duly organized and is validly existing, and, if married, their marital communities are so interested.

This Guaranty shall not be affected or discharged by the death of the undersigned, but shall bind Guarantor's heirs and personal representatives, and shall inure to the benefit of any successors or assigns of Obligee.

This instrument constitutes the entire agreement between Obligee and Guarantor. No oral or written representation not contained herein shall in any way affect this Guaranty, which shall not be modified except by the parties in writing. Waiver by Obligee of any provision hereof in one instance shall not constitute a waiver as to any other instance. This Guaranty, and all rights, obligations, and liabilities arising hereunder shall be construed according to the laws of the State of New York, without reference to choice of law principles. Any legal action, suit or proceeding with respect to this Guaranty shall be brought in the State of New York.

IN WITNESS WHEREOF, the undersigned Guarantor(s) has / have executed this Guaranty this __30__ day of
_____September 30__,2003.

Witness _____          By _____ ,President
        Pamela A. Cline                         Rick Hartman

State of Indiana
County of Boone

My Commission Expires:    4-2004            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
                                            Social Security Number

                                            10614 DeAndrea Drive
                                            Home Address

                                            Zionsville, Indiana 46077
                                            City, State  Zip Code

                                            Home Phone # (317)443-7515

Guarantor Initials: RLH          Lessor Initials: MR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

DIAMOND LEASE (U.S.A.), INC.,                        08 CIV. 92 (LAP)

               Plaintiff,

      -against-                                    **Affirmation of**
                                                     **Robert M. Marshall**
RICK HARTMAN,


              Defendant.


------------------------------------------------------------------X

    ROBERT M. MARSHALL, an attorney duly licensed to practice law in this court, deposes and says under penalty of perjury:

1.   I am an attorney at law of the State of New York and am the attorney for plaintiff in the above-entitled action. I am familiar with all the facts and circumstances in this action.

2.   I make this affirmation, in support of Plaintiff's application for the entry of an Order to Show Cause for a default judgment against Defendant. If called as a witness I would testify competently as to the facts set forth herein.

3.   This is an action to recover monies owed by Defendant to Plaintiff as specifically described in the Complaint and the Affidavit of Lorette Antola in support of the Default Judgment. The Defendant is not an infant, in the military, nor an incompetent person.

4.   This action was commenced by the filing of a Complaint and the issuance of a Summons on January 4, 2008 a copy of said Summons and Complaint having been served upon the Defendant Rick Hartman on January 29, 2008, by personal service upon Brett Miller, Esq., Defendant's

designated agent for service of process in Indiana, a copy attached hereto as **Exhibit A**, and proof

of such service having been filed in the Office of the Clerk. The Summons and Complaint

reflected the index number and the date of issuance of same of January 4, 2008.

5. Defendant Rick Hartman has failed to file and serve an answer, a motion, or otherwise appear

in this action.

6. This action seeks judgment for the liquidated amount of $110,636.85, which is justly due

and owing, and no part of which has been paid to date. The balance due and owing as of June

10, 2008 by Defendant, Rick Hartman is as follows: On the First Claim in the Complaint the

principal sum of $110,636.85, consisting of the unpaid balance of $127,976.00, plus late charges

owing from April 14, 2005 though December 17, 2007 of $15,435.00, less the gross sales

proceeds of $50,000.00, the September 30 Specific Collateral sold at private sale on notice to

RLH and Rick Hartman on December 17, 2007, plus repossession expenses of $7,765.00, plus all

continuing default interest from December 18, 2007 through June 10, 2008 of $8,903.49 on the

$101,176.00 net amount due, plus process server/costs of collection of $207.36, and $350.00

Court complaint filing fee, due under the Lease and Guarantee.

7. The disbursements sought to be taxed have been made in this action or will necessarily be

made herein.

8. An inquest is unnecessary because the default is for a "sum certain or for a sum which can by

computation be made certain." CPLR 3215(a). This would apply to liquidated contract claims

and to a claim on a money instrument. All of the claims in this matter satisfy the "sum certain"

criterion, if any does not, the default application would have to be made to the court. Geer,

Dubois & Co. v. O. M. Scott & Sons Co., 266 N.Y.S.2d 580 (1st Dept. 1966).

WHEREFORE, Plaintiff requests the entry of Default and the entry of the Judgment against

Defendant Rick Hartman.


Dated: Nyack, New York
      June 13, 2008

                          Marshall & Quentzel, L.L.C.


                          Robert M. Marshall, Esq. (RM-5641)
                          Attorneys for Plaintiff
                          15 North Mill Street
                          Nyack, N.Y. 10960
                          (888) 747-4300

# EXHIBIT A

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN                        DISTRICT OF                    NEW YORK

DIAMOND LEASE (U.S.A.), INC.,

Plaintiff                          SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

RICK HARTMAN

Defendant.

## 08 CV 00092

TO: (Name and address of defendant)

Rick Hartman
10614 DeAndrea Drive
Zionsville, Indiana, 46077


YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ROBERT M. MARSHALL – RM5641
Marshall & Quentzel, L.L.C.
Attorneys for Plaintiff
15 North Mill Street
Nyack, New York 10960
(888) 747-4300



an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.




J. MICHAEL McMAHON                      JAN 0 4 2008

CLERK

(BY) DEPUTY CLERK                       DATE

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

|  | DATE 1/29/2008 |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* MARK W. MAJERS | TITLE ASST. CHIEF, SOUTHPORT POLICE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐ Returned unexecuted: _____
_____
_____

☑ Other (specify): Accepted by Brett Miller, Atty. Agent For
Kirk L. Hartman.
2700 Market St. 10 W. Market St.  Indpls  IN.

## STATEMENT OF SERVICE FEES

| TRAVEL 244 mi @ $.44 = 107.36 | SERVICES $ 100.00 | TOTAL $207.36 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  1/29/2008
_____
Date

_____
Signature of Server
Asst. Chief. Southport Police.

1529 Ashwood Ct. Greenwood IN  46143
Address of Server

(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DIAMOND LEASE (U.S.A.), INC..,

                          Plaintiff,

                -against-                                  **08 CIV. 92 (LAP)**

RICK HARTMAN,                                   **CLERK'S CERTIFICATE**

                              Defendant.
------------------------------------------------------------------X

       I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern

District of New York, do hereby certify that this action commenced on January 4, 2008 with the

filing of a summons and complaint, a copy of the summons and complaint was served on the

defendant by serving Defendant Rick Hartman by personal service upon Brett Miller, Esq.,

defendant's designated agent for service of process in Indiana on January 29, 2008, pursuant to

Defendant's counsel's instructions, and proof of such service thereof was filed on

MARCH 3, 2008. I further certify that the docket entries indicate that the defendant has

not filed an answer or otherwise moved with respect to the complaint herein. The default of the

defendant is hereby noted.

Dated: New York, New York

June 11, 2008

                                      **J. MICHAEL MCMAHON**
                                      Clerk of the Court

                                      By: _____
                                          Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

DIAMOND LEASE (U.S.A.), INC.,                              08 CIV. 92 (LAP)

                        Plaintiff,

            -against-

                                                          Statement of
                                                          Damages
RICK HARTMAN,
                        Defendant.

--------------------------------------------------------------------X


On the First Claim in the Complaint the principal sum of $110,636.85, consisting of the unpaid
balance of $127,976.00, plus late charges owing from April 14, 2005 though December 17, 2007
of $15,435.00, less the gross sales proceeds of $50,000.00, the September 30 Specific Collateral
sold at private sale on notice to RLH and Rick Hartman on December 17, 2007, plus
repossession expenses of $7,765.00, plus all continuing default interest from December 18, 2007
through June 10, 2008 of $8,903.49 on the $101,176.00 net amount due, (plus process
server/costs of collection of $207.36, and $350.00 Court complaint filing fee), due under the
Lease and Guarantee.


Costs and Disbursements:                      $207.36
Clerk's Fee                                   $350.00

Total as of June 10, 2008          $110,636.85

**Attached hereto  is a copy of the Summons, Complaint and Proof of Service**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DIAMOND LEASE (U.S.A.), INC.,                        08 CIV. 92 (LAP)

            **Plaintiff,**

      -against-                                            **Affirmation of**
                                        **Robert M. Marshall**
RICK HARTMAN,

            **Defendant.**

------------------------------------------------------------X

ROBERT M. MARSHALL, an attorney duly licensed to practice law in this court, deposes and says under penalty of perjury:

1.   I am an attorney at law of the State of New York and am the attorney for plaintiff in the above-entitled action. I am familiar with all the facts and circumstances in this action.

2.   I make this affirmation, in support of Plaintiff's application for the entry of an Order to Show Cause for a default judgment against Defendant. If called as a witness I would testify competently as to the facts set forth herein.

3.   This is an action to recover monies owed by Defendant to Plaintiff as specifically described in the Complaint and the Affidavit of Lorette Antola in support of the Default Judgment. The Defendant is not an infant, in the military, nor an incompetent person.

4.   This action was commenced by the filing of a Complaint and the issuance of a Summons on January 4, 2008 a copy of said Summons and Complaint having been served upon the Defendant Rick Hartman on January 29, 2008, by personal service upon Brett Miller, Esq., Defendant's

designated agent for service of process in Indiana, a copy attached hereto as **Exhibit A**, and proof

of such service having been filed in the Office of the Clerk. The Summons and Complaint

reflected the index number and the date of issuance of same of January 4, 2008.

5. Defendant Rick Hartman has failed to file and serve an answer, a motion, or otherwise appear

in this action.

6. This action seeks judgment for the liquidated amount of $110,636.85, which is justly due

and owing, and no part of which has been paid to date. The balance due and owing as of June

10, 2008 by Defendant, Rick Hartman is as follows: On the First Claim in the Complaint the

principal sum of $110,636.85, consisting of the unpaid balance of $127,976.00, plus late charges

owing from April 14, 2005 though December 17, 2007 of $15,435.00, less the gross sales

proceeds of $50,000.00, the September 30 Specific Collateral sold at private sale on notice to

RLH and Rick Hartman on December 17, 2007, plus repossession expenses of $7,765.00, plus all

continuing default interest from December 18, 2007 through June 10, 2008 of $8,903.49 on the

$101,176.00 net amount due, plus process server/costs of collection of $207.36, and $350.00

Court complaint filing fee, due under the Lease and Guarantee.

7. The disbursements sought to be taxed have been made in this action or will necessarily be

made herein.

8. An inquest is unnecessary because the default is for a "sum certain or for a sum which can by

computation be made certain." CPLR 3215(a). This would apply to liquidated contract claims

and to a claim on a money instrument. All of the claims in this matter satisfy the "sum certain"

criterion, if any does not, the default application would have to be made to the court. Geer,

Dubois & Co. v. O. M. Scott & Sons Co., 266 N.Y.S.2d 580 (1st Dept. 1966).

WHEREFORE, Plaintiff requests the entry of Default and the entry of the Judgment against

Defendant Rick Hartman.


Dated: Nyack, New York
      June 13, 2008

                         Marshall & Quentzel, L.L.C.


                         Robert M. Marshall, Esq. (RM-5641)
                         Attorneys for Plaintiff
                         15 North Mill Street
                         Nyack, N.Y. 10960
                         (888) 747-4300

# EXHIBIT A

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN                 DISTRICT OF              NEW YORK

DIAMOND LEASE (U.S.A.), INC.,

                    Plaintiff               **SUMMONS IN A CIVIL CASE**

            **V.**                          CASE NUMBER:

RICK HARTMAN
                Defendant.

# 08 CV 00092

TO: (Name and address of defendant)

Rick Hartman
10614 DeAndrea Drive
Zionsville, Indiana, 46077

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ROBERT M. MARSHALL – RM5641
Marshall & Quentzel, L.L.C.
Attorneys for Plaintiff
15 North Mill Street
Nyack, New York 10960
(888) 747-4300

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**                    JAN 0 4 2008

CLERK

(BY) DEPUTY CLERK                         DATE

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE 1/29/2008 |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) MARK W. MAYERS | TITLE Asst. Chief, Southport Police |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☑ Other (specify): Accepted by Brett Miller, Atty. Agent for
Rick L. Hartman.
8700 Mariner 8. 10 W. Market St. Indpls IN.

## STATEMENT OF SERVICE FEES

| TRAVEL 244 mi. @ .44 = 107.36 | SERVICES $100⁰⁰ | TOTAL $207.³⁶ |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 1/29/2008
_____
Date

_____
Signature of Server
Asst. Chief, Southport Police.

1529 Ashwood Ct. Greenwood IN 46143
_____
Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## MARSHALL & QUENTZEL, L.L.C.

**Attorneys at Law**
**Wayne - Tenafly - New York**
**15 North Mill Street**
**Nyack, New York 10960**
**(888) 747-4300**

E-Mail rmarshall@mqlaw.net
Telecopier (973) 812-4489

**ROBERT M. MARSHALL**
MEMBER OF N.J. & N.Y. BARS

July 10, 2008

via overnight mail

Mr. Rick Hartman
10614 DeAndrea Drive
Zionsville, Indiana, 46077

Brett Miller, Esq.
Bingham McHale, LLP
10 West Market Street
Suite 2700
Indianapolis, Indiana 46204

RE: DIAMOND LEASE (U.S.A.), INC. v. RICK HARTMAN
Case No. 08-CV-92(LAP)

Dear Mr. Hartman and Mr. Miller:

As you are aware the undersigned represents the plaintiff with regard to the above matter. Enclosed please find a copy of the July 10, 2008 order to show cause, affidavit of Lorette Antola, my affirmation, clerk's certificate, statement of damages, and proposed default judgment. Should you have any questions please feel free to contact me. Thank you.

Very truly yours,

Marshall & Quentzel, L.L.C,

Robert M. Marshall

RMM:af
Enclosures

From:  Origin ID: SXPA   (973) 812-4499
robert marshall
Marshall & Quentzel, L.L.C.
155 Willowbrook Blvd.

Wayne, NJ 07470



Ship Date: 10JUL08
ActWgt: 1.0 LB
System#: 8583310/INET8061
Account#: S *******

Delivery Address Bar Code



SHIP TO:   (317) 635-8900        BILL SENDER
**Brett Miller**
**Bingham McHale LLP**
**10 W MARKET ST STE 2700**

## INDIANAPOLIS, IN 46204

Ref #    dimaond/ rlh hartman
Invoice #
PO #
Dept #

TRK#
0201    7970 2509 7513

FRI - 11JUL        **A1**
**STANDARD OVERNIGHT**

46204
IN-US
IND

## NQ GSHA



---

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



Español | Customer Support | FedEx Locations     Search          Go

Package/Envelope     Freight     Expedited     Office/Print Services ✳

Ship ›          Track ›          Manage ›          Business Solutions ›

Track Shipments/FedEx Kinko's Orders
## Detailed Results

🖨 Printable Version  ❓ Quick Help

| | | | | | |
|---|---|---|---|---|---|
| Tracking number | 797025097513 | Reference | dimaond/ rlh hartman | | **Wrong Address?** |
| Signed for by | J.LANDERS | Destination | INDIANAPOLIS, IN | | Reduce future mistakes by using |
| Ship date | Jul 10, 2008 | Delivered to | Mailroom | | FedEx Address Checker. |
| Delivery date | Jul 11, 2008 10:34 AM | Service type | Standard Envelope | | |
| | | Weight | 0.5 lbs. | | Tracking a FedEx SmartPost Shipment? |
| Status | Delivered | | | | Go to shipper login |
| Signature image available | Yes | | | | |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| **Jul 11, 2008** | 10:34 AM | **Delivered** | INDIANAPOLIS, IN | |
| | 7:40 AM | On FedEx vehicle for delivery | INDIANAPOLIS, IN | |
| | 6:46 AM | At local FedEx facility | INDIANAPOLIS, IN | |
| | 5:42 AM | Departed FedEx location | INDIANAPOLIS, IN | |
| | 1:39 AM | Arrived at FedEx location | INDIANAPOLIS, IN | |
| **Jul 10, 2008** | 11:14 PM | Departed FedEx location | NEWARK, NJ | |
| | 8:36 PM | Left FedEx origin facility | FAIRFIELD, NJ | |
| | 7:39 PM | Picked up | FAIRFIELD, NJ | |
| | 5:19 PM | Package data transmitted to FedEx | | |

[ Signature proof ]  [ E-mail results ]  [ Track more shipments/orders ]

Subscribe to tracking updates (optional)

**Your name:**                    **Your e-mail address:**

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| | English | | |
| | English | | |
| | English | | |
| | English | | |

**Select format:**  ○ HTML     Text     Wireless
**Add personal message:**

Not available for Wireless or non-English characters.

By selecting this check box and the Submit button, I agree to these Terms and Conditions                                                                Submit

Global Home | FedEx Mobile | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy | Site Map
This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995-2008 FedEx

## MARSHALL & QUENTZEL, L.L.C.

**Attorneys at Law**
**Wayne - Tenafly - New York**
**15 North Mill Street**
**Nyack, New York 10960**
**(888) 747-4300**

E-Mail  rmarshall@mqlaw.net
Telecopier (973) 812-4489

**ROBERT M. MARSHALL**
MEMBER OF N.J. & N.Y. BARS

July 10, 2008

via overnight mail

Mr. Rick Hartman
10614 DeAndrea Drive
Zionsville, Indiana, 46077

Brett Miller, Esq.
Bingham McHale, LLP
10 West Market Street
Suite 2700
Indianapolis, Indiana 46204

RE: DIAMOND LEASE (U.S.A.), INC. v. RICK HARTMAN
Case No. 08-CV-92(LAP)

Dear Mr. Hartman and Mr. Miller:

As you are aware the undersigned represents the plaintiff with regard to the above matter.
Enclosed please find a copy of the July 10, 2008 order to show cause, affidavit of Lorette Antola,
my affirmation, clerk's certificate, statement of damages, and proposed default judgment.  Should
you have any questions please feel free to contact me.  Thank you.

Very truly yours,

Marshall & Quentzel, L.L.C.

Robert M. Marshall

RMM:af
Enclosures

From:    Origin ID: SXPA   (973) 812-4499
robert marshall
Marshall & Quentzel, L.L.C.
155 Willowbrook Blvd.

**Wayne, NJ 07470**





Ship Date: 10JUL08
ActWgt: 1.0 LB
System#: 8563310/INET8061
Account#: S *******

SHIP TO:    (317) 733-3685        BILL SENDER
**Rick  Hartman**

**10614 DEANDRA DR**

**ZIONSVILLE, IN 46077**

Delivery Address Bar Code

Ref #     diamond/rlh hartman
Invoice #
PO #
Dept #

TRK#
0201    7970 2509 5094

**FRI - 11JUL**          **A2**
**STANDARD OVERNIGHT**



**NQ OTNA**

**46077**

**IN-US**

**IND**

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



Español | Customer Support | FedEx Locations   Search        Go

Package/Envelope    Freight    Expedited    Office/Print Services
Ship ▸        Track ▸        Manage ▸        Business Solutions ▸

Track Shipments/FedEx Kinko's Orders                    🖶 Printable Version   ② Quick Help
**Detailed Results**

| Tracking number | 797025095094 | Reference | diamond/rth hartman | **Wrong Address?** |
| Ship date | Jul 10, 2008 | Destination | ZIONSVILLE, IN | Reduce future mistakes by using |
| Estimated delivery | Jul 14, 2008 by 3:00 PM | Service type | Standard Envelope | FedEx Address Checker. |
| | | Weight | 0.5 lbs. | |
| Status | At FedEx destination | | | Tracking a FedEx SmartPost Shipment? Go to shipper login |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Jul 11, 2008 | 3:57 PM | At local FedEx facility | INDIANAPOLIS, IN | |
| | 2:43 PM | Delivery exception | INDIANAPOLIS, IN | Customer not available or business closed |
| | 7:43 AM | On FedEx vehicle for delivery | INDIANAPOLIS, IN | |
| | 7:08 AM | At local FedEx facility | INDIANAPOLIS, IN | |
| | 6:05 AM | Departed FedEx location | INDIANAPOLIS, IN | |
| | 1:39 AM | Arrived at FedEx location | INDIANAPOLIS, IN | |
| Jul 10, 2008 | 11:14 PM | Departed FedEx location | NEWARK, NJ | |
| | 8:36 PM | Left FedEx origin facility | FAIRFIELD, NJ | |
| | 7:39 PM | Picked up | FAIRFIELD, NJ | |
| | 5:17 PM | Package data transmitted to FedEx | | |

[ E-mail results ]    [ Track more shipments/orders ]

Subscribe to tracking updates (optional)

**Your name:**                    **Your e-mail address:**

| E-mail address | Language | | Exception updates | Delivery updates |
|---|---|---|---|---|
| | English | | . | |
| | English | | . | |
| | English | | . | |
| | English | | . | |

**Select format:** ◦ HTML    Text    Wireless
**Add personal message:**

Not available for Wireless or
non-English characters.

By selecting this check box and the Submit button, I agree to these Terms and Conditions                    Submit

Global Home | FedEx Mobile | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy | Site Map
This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995-2008 FedEx

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

**DIAMOND LEASE (U.S.A.), INC.,**                        **08 CIV. 92 (LAP)**

                                    **Plaintiff,**

            **-against-**                        **DEFAULT JUDGMENT**

**RICK HARTMAN,**

                                    **Defendant.**

-------------------------------------------------------------------X

This action was commenced by the filing of a Complaint and the issuance of a Summons

on January 4, 2008, a copy of said Summons and Complaint having been served upon the

Defendant Rick Hartman on January 29, 2008, by personal service upon Brett Miller, Esq.,

Defendant's designated agent for service of process in Indiana, and proof of such service having

been filed in the Office of the Clerk on March 3, 2008, and the said Defendant Rick Hartman

having failed to file and serve an answer, a motion, or otherwise appear in this action, and upon

Plaintiff's Affidavit in Support of Default Judgment, exhibits annexed hereto, made and sworn to

by Lorette Antola, an officer of Plaintiff, with personal knowledge of the facts relating to

Plaintiff's claims herein; an Affirmation in Support of Default Judgment of Robert M. Marshall,

a member of the firm of Marshall & Quentzel, L.L.C., attorneys for Plaintiff, a copy of the

Affidavit of Service of the original Summons and Complaint; a Clerk's Certificate noting said

Defendant's default in the pleadings, all of which are submitted herewith,


**NOW**, on Order to Show Cause of Robert M. Marshall, attorney for the plaintiff, it is

**ORDERED and ADJUDGED**:

That the Plantiff, Diamond Lease (U.S.A.), Inc. have judgment against the Defendant Rick Hartman in the liquidated total amount of $110,636.85;

On the First Claim in the Complaint in the principal sum of $110,636.85, consisting of the unpaid balance of $127,976.00, plus late charges owing from April 14, 2005 though December 17, 2007 of $15,435.00, less the gross sales proceeds of $50,000.00, the September 30 Specific Collateral sold at private sale on notice to RLH and Rick Hartman on December 17, 2007, plus repossession expenses of $7,765.00, plus all continuing default interest from December 18, 2007 through June 10, 2008 of $8,903.49 on the $101,176.00 net amount due, plus process server/costs of collection of $207.36, and $350.00 Court complaint filing fee, due under the Lease and Guarantee.

Dated: New York, New York
　　　　　　, 2008

_____
U.S.D.J.